**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Russo, | No. CV-19-04896-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Stillwater Insurance Company, et al., | |
| Defendants. | |

Alleging diversity jurisdiction under 28 U.S.C. § 1332, Defendant Stillwater Insurance Company ("Stillwater") removed this case from the Superior Court of Arizona on August 6, 2019. (Doc. 1). Plaintiff Anthony Russo ("Russo" or "Plaintiff"), an Arizona resident, initiated this case in state court more than a year ago. (Doc. 1 at 3). Stillwater is a foreign corporation. Stillwater's impetus for removing the case was the state court granting summary judgment for Stillwater's co-defendants, who are Arizona residents, resulting in complete diversity of the remaining parties. (Doc. 1 at 3).

However, a case cannot be removed more than one year after a Plaintiff initiated it, unless "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c). In the Notice of Removal, Stillwater alleges Plaintiff acted in bad faith by fraudulently joining Arizona parties as defendants in order to prevent diversity. (Doc. 1 at 8–9). The Court issued an order sua sponte that the parties brief whether the state court granting summary judgment to the

Arizona defendants constitutes fraudulent joinder in this case and whether fraudulent joinder falls under § 1446(c)'s bad faith exception to the one-year limit on removal. (Doc. 10). Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. <u>Canterbury Lots 68, LLC v. De La Torre</u>, No. CV 13-00712 MMM RZX, 2013 WL 781974, at *1 (C.D. Cal. Feb. 28, 2013) (citing *United Investors Life Ins. Co. v. Waddell & Reed, Inc.,* 360 F.3d 960, 966 (9th Cir.2004); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004).

As a preliminary matter, Plaintiff attached 8 exhibits to their brief. Some of which were attached presumably for some evidentiary value on the underlying claims. Defendant objects to Exhibits 2 & 3 and filed a motion seeking permission to file an objection. Plaintiff's object to defendant's request arguing that the Court ordered simultaneous briefs. The Court ordered briefing on two legal issues, not on a factual argument. Therefore, Defendant's Motion for Leave to Object to Admission of Exhibits 2 and 3 will be denied but exhibits 2 and 3 will not be considered.

**I.     Background**

This case arises from a fire at the residence of Plaintiff Anthony Russo on February 6, 2017. Russo was insured by Defendant Stillwater Insurance Company. Stillwater hired Mark Hellan and Andre Thoresen to investigate the cause and origin of the fire. Based on their investigation, Stillwater determined that the loss was not covered under the policy and denied Russo's claim. Plaintiff Russo then hired his own fire investigator Patrick Andler to look at the cause and origin of the fire. Andler's conclusions differed from those made by Hellan and Thoresen.

Plaintiff Russo filed his Complaint in Maricopa County Superior Court on February 2, 2018. In addition to Still water, the Complaint named Hellan, and Hellan's company as defendants (the "Hellan defendants"). The only claim against the Hellan defendants was one for negligence. The Hellan defendants filed a motion to dismiss but before that was ruled on, Plaintiff filed his Amended Complaint adding additional claims for aiding and

abetting tortious interference and intentional interference with contract against the Hellan defendants. The Hellan Defendants filed another Motion to Dismiss. After oral argument on the motion to dismiss, Plaintiff moved to file a second amended complaint. That leave was granted and defendants Thoresen and his company were added as defendants. The claims against Thoresen and his company were the same as those made against the Hellan defendants. Ultimately, the state court dismissed the negligence claims but allowed the other claims to proceed. After discovery was conducted, the Hellan defendants and Thoresen and his company filed motions for summary judgment. Russo contested the motion for summary judgment by filing a response and participating in oral argument. Both motions were granted, and the non-diverse defendants were dismissed from the case. Stillwater removed the case to this Court on the same day as the ruling on the basis of diversity of citizenship.

**II. Analysis**

1. <u>Fraudulent Joinder</u>

A defendant may remove an action to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(a). However, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the defendant has the burden of establishing that removal is proper, and federal jurisdiction must be rejected if there is any doubt as to the right of removal. Id. "In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in state court." *Albi v. Street & Smith Publications,* 140 F.2d 310, 312 (9th Cir. 1944).

In this case, the motions to dismiss were denied and it was not until the case was factually developed through discovery that the non-diverse defendants were dismissed. This lends credibility to a showing that the defendants were not fraudulently joined because the failure of the claims was not obvious. The state court denied the motions to dismiss thereby finding that the Plaintiff had stated valid claims by the pleading standards. A defendant's presence will be ignored for purposes of diversity when the plaintiff fails to

state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir., 2001). Stillwater has not met its burden to show that the joinder was fraudulent.

    2. Bad Faith Exception (18 U.S.C. § 1446(c)(1))

A diversity case where the initial pleading is not removable "may not be removed more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The burden is on Stillwater to show bad faith. *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) Bad faith requires looking at the subjective intent of the Plaintiff. *Heller v. American States Ins. Co.*, No. CV 15-9771 DMG (JPRx), 2016 WL 1170891, at *2 (C.D. Cal. March 25, 2016). "The bad faith exception, as distinct from the doctrine of fraudulent joinder, applies to 'plaintiffs who joined—and then, after one year, dismissed—defendants [whom] they could keep in the suit, but that they did not want to keep in the suit, except as removal spoilers.'" *Id.* (quoting *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1266 (D. N.M. 2014)). In *Aguayo*, the court suggested that the analysis could consider circumstantial evidence of intent, such as whether the plaintiff actively litigated against the non-diverse defendant, and direct evidence of intent, such as emails or letters from Plaintiff suggesting that he or she is trying to defeat removal. 59 F. Supp. 3d at 1262.

In this case, Plaintiff actively litigated the case in state court for over a year and did not voluntarily dismiss the non-diverse defendants. There is no direct evidence of bad faith. Therefore, the Court finds that there is no exception to the one-year limit for removal imposed by 18 U.S.C. § 1446(c)(1).

**IT IS ORDERED** directing the Clerk to remand this case to the Superior Court of Arizona, Maricopa County.

**IT IS FURTHER ORDERED** Defendant's Motion for Leave to File an Objection (Doc. 15) is **DENIED**;

**IT IS FURTHER ORDERED** Plaintiff's Motion to Stay Discovery (Doc. 19) is **DENIED** as moot.

Dated this 16th day of September, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge